UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ANNIE WRIGHT, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:19-cv-25 |
| | ) | | 3:17-cr-68-02 |
| UNITED STATES OF AMERICA, | ) | | Judge Phillips |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

Petitioner Annie Wright ("Petitioner") filed a pro se motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 [Docs. 1, 5] and a supporting memorandum of law [Doc. 6].[1] The government has responded in opposition to her motion [Doc. 8]. Petitioner then submitted a letter to the Court seeking relief from her sentencing enhancement [Case No. 3:17-cr-68-02, Doc. 70], which the Court will construe as a supplement to her § 2255 motion.

**I.    Background**

On December 6, 2017, Petitioner pled guilty to one count of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2. On March 21, 2018, the Court

---

[1]All citations to documents in the record reference case number 3:19-cv-25, unless otherwise specified. The record contains two copies of the motion to vacate and supporting memorandum and it appears that the second version [Doc. 5] is more complete and contains Petitioner's signature. Accordingly, the Court will refer to that version of her § 2255 motion.

sentenced Petitioner to a term of imprisonment of 57 months, to be followed by a three-year term of supervised release [Case No. 3:17-cr-68-02, Doc. 49]. Petitioner did not file a direct appeal of her conviction or sentence,[2] but timely filed the instant petition for relief under § 2255 on January 15, 2019 [Doc. 1].

## II.  Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can

---

[2]Petitioner acknowledges that her plea agreement waived her right to appeal [*see* Doc. 5 at pp. 8, 10].

be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. Analysis

   A. <u>Waiver</u>

The Court begins by noting that, in her plea agreement, Petitioner explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel or prosecutorial misconduct [Case No. 3:17-cr-68-02, Doc. 31 p. 6 ¶ 10(b)]. A defendant may waive any right, even a constitutional right, if she does so knowingly and voluntarily, and a waiver provision in a plea agreement is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450–52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of her right to file a § 2255 motion

voluntarily and knowingly, the waiver is valid and enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019).

Here, there is little doubt that Petitioner knowingly and voluntarily entered into this waiver provision in her plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by Petitioner, that she had read the plea agreement or that the plea agreement had been read to her, that she discussed the plea agreement with counsel and understood all its provisions, that she had read specifically paragraph 10(b) containing the waiver provision or that it had been read to her, and that she had fully discussed the waiver provision with her attorney. Moreover, Petitioner has not asserted claims within the limited category of claims where she retained a right to file a § 2255 motion, nor has she alleged any facts from which the Court could plausibly infer these claims. Thus, Petitioner knowingly and voluntarily waived her right to file a § 2255 motion with few exceptions and she has not asserted any claims within one of those exceptions.

B.  Sentence Enhancement

Even assuming that Petitioner had not waived her right to collaterally attack her conviction, she has not asserted a valid claim for relief. In her first ground for relief [Doc. 5 at p. 4], Petitioner claims that her enhancement "falls directly under the Supreme Court ruling that 18 U.S.C. § 16(b) and § 924(c)(3)(B) are unconstitutionally vague." In her supporting memorandum, Petitioner argues that her sentence was enhanced under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm in furtherance of a violent crime [Doc. 6 at p. 2]. Relying on the Supreme Court's opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204

4

(2018), Petitioner contends that her conviction for brandishing a firearm during a crime of violence must be set aside as unconstitutionally vague [Doc. 6 at pp. 1—3]. This argument is without merit.

As set forth in her plea agreement [Case No. 3:17-cr-68-02, Doc. 31 at p. 3 ¶ 4], Petitioner agreed that her sentence would be enhanced pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B3.1(b)(2)(C), not pursuant to 18 U.S.C. § 924(c). Application of this Guideline enhancement is not predicated on whether an offense is classified as a crime of violence. *See* U.S.S.G. § 2B3.1(b)(2). As the Respondent correctly notes, *Dimaya* only invalidated the residual-clause definition of "crime of violence" in 18 U.S.C § 16(b) as "unconstitutionally vague." 138 S. Ct. at 1216. *Dimaya* did not address the definition of "crime of violence" as used in the United States Sentencing Guidelines, and the Supreme Court has held that the United States Sentencing Guidelines are not subject to vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

Finally, contrary to Petitioner's assertions otherwise, Hobbs Act robbery remains a "crime of violence" as defined under the "elements" clause set forth in 18 U.S.C § 924(c)(3)(A) even after the Supreme Court's decision in *Dimaya*. *See In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) (citing *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017)). Accordingly, *Dimaya* offers Petitioner no relief.

C. <u>Aiding and Abetting</u>

Also contained in her first ground for relief [Doc. 5 at p. 4], Petitioner claims that her charge under 18 U.S.C. § 2 should be vacated "because she did not have the requisite

5

knowledge of what her co-defendant was to do or did." Petitioner claims that "it was never proved that [she] had this knowledge in sufficient time to withdraw from the crime" [*Id.*]. In her supporting memorandum, Petitioner claims she "did not actively participate in the underlying violent crime with **advance knowledge** that a confederate would use or carry a gun during the crime's commission" [Doc. 6 at p. 4] (emphasis in original). She further claims she "had no advance knowledge nor had a reasonable opportunity to walk away" [*Id.*].

As the Respondent notes, this argument is plainly contradicted by the terms of Petitioner's plea agreement [Doc. 8 at p. 4]. Petitioner "fully admit[ted] that she was the driver for the robbery…, that she knew Defendant Graham planned to rob the J's Market while driving him there, and that she knew Defendant Graham possessed a double barrel shotgun" [Case No. 3:17-cr-68-02, Doc. 31 at p. 2 ¶ 4]. At Petitioner's change of plea hearing, those agreed-upon facts were read to her and she admitted under oath that those facts were correct. The Court questioned Petitioner if she understood the charges she was pleading guilty to and she responded affirmatively. She further affirmed that she was pleading guilty because she was, in fact, guilty. Petitioner cannot now claim otherwise. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

   D.   First Step Act

In her supplemental filing [Case No. 3:17-cr-68-02, Doc. 70], Petitioner states that she is participating in the RDAP program and other programs which the First Step Act would allow her time off her sentence but for the gun enhancement. Petitioner asks for

knowledge of what her co-defendant was to do or did." Petitioner claims that "it was never proved that [she] had this knowledge in sufficient time to withdraw from the crime" [*Id.*]. In her supporting memorandum, Petitioner claims she "did not actively participate in the underlying violent crime with **advance knowledge** that a confederate would use or carry a gun during the crime's commission" [Doc. 6 at p. 4] (emphasis in original). She further claims she "had no advance knowledge nor had a reasonable opportunity to walk away" [*Id.*].

As the Respondent notes, this argument is plainly contradicted by the terms of Petitioner's plea agreement [Doc. 8 at p. 4]. Petitioner "fully admit[ted] that she was the driver for the robbery…, that she knew Defendant Graham planned to rob the J's Market while driving him there, and that she knew Defendant Graham possessed a double barrel shotgun" [Case No. 3:17-cr-68-02, Doc. 31 at p. 2 ¶ 4]. At Petitioner's change of plea hearing, those agreed-upon facts were read to her and she admitted under oath that those facts were correct. The Court questioned Petitioner if she understood the charges she was pleading guilty to and she responded affirmatively. She further affirmed that she was pleading guilty because she was, in fact, guilty. Petitioner cannot now claim otherwise. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

   D.   First Step Act

In her supplemental filing [Case No. 3:17-cr-68-02, Doc. 70], Petitioner states that she is participating in the RDAP program and other programs which the First Step Act would allow her time off her sentence but for the gun enhancement. Petitioner asks for

"leniency to change [her] situation" so that she may qualify for a sentence reduction due to her programming [*Id.* at p. 2].

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act") was signed into law on December 21, 2018. The Act implements certain reforms to the criminal justice system. Relevant to the instant motion, Section 101(a) of the Act allows the Bureau of Prisons to grant certain prisoners relief, including credit against prison time, for participation in recidivism-reduction programming. *See* 18 U.S.C. § 3632(d). However, any relief granted by this provision of the Act is within the sole jurisdiction of the Bureau of Prisons. *Id.*; *see United States v. Wilson*, 503 U.S. 329, 333—34 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).

Moreover, this provision of the Act does not take effect until the United States Attorney General develops a "risk and needs assessment system," which is not required to be completed until 210 days after the enactment of the Act, or approximately July 2019. *See* 18 U.S.C. § 3632(a). If Petitioner believes she will be entitled to credits for completion of recidivism-reduction programs after this provision of the Act takes effect, she must first exhaust her administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241 in the district where she is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255; *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) ("a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian"). Accordingly, the Court is without authority to grant Petitioner any of the relief requested by the First Step Act and her motion for sentence reduction [Case No. 3:17-cr-68-02, Doc. 70] will be denied.

## IV. Conclusion

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and her § 2255 motion [Doc. 5] and her motion for sentence reduction [Case No. 3:17-CR-68-02, Doc. 70] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been denied on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485—86 (6th Cir. 2001). As reasonable jurists would not debate the correctness of the Court's dismissal of this § 2255 petition due to Petitioner's waiver of her right to file a § 2255 petition except for claims of ineffective assistance of counsel or prosecutorial misconduct, a COA will not issue.

Further the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. An appropriate order will issue.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE